

**ORDERED in the Southern District of Florida on October 11, 2012.**

*Paul Hyman*

**Paul G. Hyman, Chief Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

MT'S CHOP HOUSE OF
VERO BEACH, LLC

    **Debtors.**
_____/

Case No.:   12-23475-BKC-PGH
Chapter 11 Proceeding

**ORDER CONVERTING CASE UNDER CHAPTER 11
TO CASE UNDER CHAPTER 7**

    The debtor in possession has filed a motion to convert this case to a case under chapter 7 pursuant to 11 U.S.C. §1112(a).   Since the case was not commenced as an involuntary case under chapter 11, nor has the case been converted to a case under chapter 11 other than on the debtor's request, the court finds that the debtor is entitled to be a debtor under chapter 7.

    It is **ORDERED** that:

1.     This chapter 11 case is converted to a case under chapter 7.

2.     If applicable, the debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtor).   Failure to pay this fee will result in dismissal of this case.

3.     The debtor or the chapter 11 trustee shall:

        a.     Forthwith turn over to the chapter 7 trustee all records and property of the estate

      b.    under its custody and control as required by Bankruptcy Rule 1019(4);

      c.    Within 30 days of the date of this order, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

      d.    File, within 14 days of the date of this order, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B). The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The debtor shall:

      a.    file, within 14 days of the date of this order, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B)

      b.    file, if the debtor is an individual, within 14 days of the date of this order, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only" as required under Local Rule 1019-1(H), and, if not already filed under chapter 11, payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

      c.    file, if the debtor is an individual, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

5. Pursuant to Local Rule 2016-1(C)(2), the debtor's attorney, any examiner or trustee appointed by the court, or any other professional person employed under 11 U.S.C. §327 or 1103 shall, file within 90 days after the date of the post-conversion

      meeting, an application for compensation for outstanding fees and expenses incurred during the chapter 11 administration including an application justifying retention of any retainer received which has not been approved by a prior award. Any retainers received which are not approved will be subject to turnover to the chapter 7 trustee. The attorney for the debtor in possession, or the chapter 11 trustee (if one was appointed) shall notify all such professionals of this deadline by serving them with a copy of this order.

6. The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

7. If this case is being converted after the confirmation of a plan, the debtor, within 30 days of the date of this order, shall file:

    a. A schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order;

    b. A schedule of unpaid debts (and a supplemental matrix as described in paragraph 3(c)) not listed in the final report and account of the debtor in possession or chapter 11 trustee, which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of the claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B) and (F); and

    c. A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case, but before the entry of this conversion order.

8. Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

###

**Submitted by:**
**Brett A. Elam, Esq.**
105 S. Narcissus Avenue
Suite 802
West Palm Beach, FL 33401

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

Debtor
Attorney for Debtor
U.S. Trustee
Chapter 11 Trustee (if applicable)
Attorney for Chapter 11 Trustee (if applicable)